UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE MUNOZ MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY S. CAMPBELL, M.D., et al.,<br><br>Defendants. | Case No.: 17-CV-2143-JGS (AGS)<br><br>**ORDER (1) DISMISSING DEFENDANTS DR. CAMPBELL, DR. GROVE, AND PALOMAR HEALTH; (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>(ECF Nos. 7, 9, 28) |

On August 17, 2017, Plaintiff filed a Complaint in state court against Dr. Gregory Campbell, Dr. Jay Grove, Palomar Health, and Ethicon Endo Surgery Inc.,[1] (ECF No. 1-3, at 19–27). Plaintiff alleged causes of action for "strict liability in Tort against manufacturer, distributor of a defective product," and "product liability–Breach of Warranty by User." (*Id.* at 21, 25.)

On October 18, 2017, Defendant Ethicon, Inc. ("Ethicon") removed the case to this Court alleging diversity jurisdiction. (ECF No. 1.) In its Notice of Removal, Ethicon argues the Court should ignore the citizenships of Dr. Gregory Campbell, Dr. Jay Grove,

---

[1] Plaintiff later filed an amendment correcting the name of this Defendant to Ethicon, Inc. (ECF No. 1-3, at 4–5.)

and Palomar Health in assessing diversity jurisdiction because these Defendants are fraudulently joined. (*Id.* ¶¶ 16–24.) Ethicon argues the Complaint does not properly allege any causes of action against the doctors or Palomar Health because it only asserts claims of strict liability and products liability, and these claims are only proper against Ethicon.

Plaintiff filed an "Objection to the Removal," (ECF No. 5). Plaintiff attached to his Objection his Amended Complaint and argues that Defendant removed the wrong Complaint. The Amended Complaint was filed on October 17, 2017. (*See* "Am. Compl.," ECF No. 5-1.) The Amended Complaint alleges claims of strict liability and products liability against Ethicon and a claim of "Damages based upon Personal Injuries based upon Professional Negligence" against Dr. Campbell, Dr. Grove, and Palomar Health. (*Id.* at 11.) Ethicon removed the original Complaint on October 18, 2017.[2]

Defendants Dr. Campbell and Palomar Health have filed Motions to Dismiss, ("Campbell MTD," ECF No. 7; "Palomar MTD," ECF No. 9).[3] Plaintiff has filed a Motion for Leave to File a Second Amended Complaint, (ECF No. 28).

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal

---

[2] Although Ethicon was named in the Amended Complaint that was filed the day before the removal, it did not remove the Amended Complaint, but removed the original Complaint. Ethicon states it was not served with the Amended Complaint. (ECF No. 31, at 7.) Defendants argue the Amended Complaint is improper because it is actually Plaintiff's Second Amended Complaint and was filed without leave of court. They argue Plaintiff's filing under California Code of Civil Procedure § 473 wherein he corrected the name of Ethicon was his First Amended Complaint. (ECF No. 1-3, at 4–5.) Defendants do not state whether they objected to Plaintiff's filing of the "Second" Amended Complaint in state court. The Court makes no determination on the propriety of Plaintiff's filing of this amended complaint in state court. In this Order, the Court evaluates the latest-filed Complaint, (ECF No. 5-1), because both Parties make arguments under it.

[3] It does not appear that Plaintiff has served Dr. Grove with either Complaint, and Dr. Grove has not made an appearance in this case. The Court could therefore dismiss Dr. Grove for Plaintiff's failure to serve him, *see* Federal Rule of Civil Procedure 4(m), but instead dismisses him for fraudulent joinder, as detailed herein.

question jurisdiction. Diversity jurisdiction is at issue here. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Citizenship of the parties is determined by their state of domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Complete diversity is necessary, i.e. all parties on one side of the case must be domiciled in different states from all parties on the other side. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566 (2005).

## ANALYSIS

Before delving into the pending Motions, the Court must first determine whether the case is properly before it. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) ("[S]ubject matter jurisdiction is the touchstone for a district court's authority to remand sua sponte.").

**I.  Whether Jurisdiction is Proper**

Ethicon argues this case is properly before this Court due to diversity jurisdiction. (*See generally* ECF No. 1.) Looking at the face of the Complaint, there is no diversity of citizenship because Plaintiff is a California citizen and he alleges Palomar Health is "a California Health care district operating three medical facilities in City of Escondido;" thus it is plausible it is a California citizen. (Am. Compl. ¶ 4.) Both Dr. Campbell and Palomar Health admit they are non-diverse to Plaintiff. (*See* Palomar MTD 2; Campbell MTD 8.) But, Ethicon argues the Court should ignore the citizenship of Dr. Campbell, Dr. Grove, and Palomar Health because they are fraudulently joined.

Removal is proper pursuant to 28 U.S.C. § 1332's grant of diversity jurisdiction despite the presence of a non-diverse defendant if that defendant is a fraudulently joined, or sham, defendant. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant and will not defeat jurisdiction if, after all disputed questions of fact and all ambiguities in the controlling state

law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comput. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999). In other words, remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure any purported deficiency. *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011).

In Plaintiff's original Complaint, Dr. Campbell, Dr. Jay Grove, and Palomar Health are improper Defendants. The Complaint alleges only strict liability and products liability regarding the suture strands, and does not discuss how the products could be attributable to the doctors or the hospital. The Amended Complaint adds a cause of action against the doctors and the hospital: Professional Negligence. From the face of the Amended Complaint, this is a more appropriate cause of action against these Defendants. But, Defendants inform the Court that Plaintiff has another pending case in state court which asserts Professional Negligence against Dr. Campbell and Palomar Pomerado Health Care District.[4] (*See* ECF No. 7-2, at 12 (*Martinez v. Campbell*, 37-2016-44993-CU-MM-NC).) Defendants argue Plaintiff cannot split a cause of action between two cases, and therefore Dr. Campbell and Palomar Health should be dismissed from this action. (Campbell MTD 6; Palomar MTD 8.)

///

---

[4] Although named differently, Palomar Health is the same party being sued in both cases. (*See* "Dixon Decl.," ECF No. 7-2, ¶ 3.)

### A. *Fraudulent Joinder*

In assessing the existence of federal jurisdiction, the Court may only examine "the plaintiff's case, without recourse to the defendant's pleadings." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). But, where fraudulent joinder is at issue, the court may go "somewhat further." *Ritchey*, 139 F.3d at 1318. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, Defendants Campbell and Palomar ask the Court to analyze their claim splitting argument and determine they were fraudulently joined and thus, may be dismissed. If these defendants are dismissed, there would be complete diversity and this case would properly be before this Court. There are two Ninth Circuit cases that the Court considers in determining whether it may properly analyze the claim splitting issue at this stage of the proceedings.

In *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009), the defendants removed the case to federal court based on diversity. In order to establish diversity, the defendants argued the plaintiff's claims against the one non-diverse defendant were subject to conflict preemption, and therefore, that defendant had been fraudulently joined. They requested the court dismiss the fraudulently joined defendant and determine diversity jurisdiction existed. The district court found that the plaintiff's claim against the non-diverse defendant was preempted and dismissed the fraudulently joined defendant. The Ninth Circuit reversed, stating the district court's decision that the plaintiff's claim was preempted "effectively decided the entire case." *Id.* at 1045 (internal citations omitted) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004)). Defendants' "preemption argument accordingly should have been brought in the context of attacking the merits of [Plaintiff's] case, rather than as a basis for removing the case to federal court." *Id.* The court had improperly evaluated the merits of plaintiff's case; "[w]hen a defendant asserts that the plaintiff's claim is impliedly preempted by federal law, it cannot be said that the plaintiff's failure to state a claim against the resident defendant is

'obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

In *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998), the defendants similarly argued that the non-diverse defendants had been fraudulently joined. The non-diverse defendants argued they could not be liable on any theory because plaintiff's claim against them was barred by the statute of limitations. *Id.* at 1314. The district court analyzed the statute of limitations defense in analyzing jurisdiction. The Ninth Circuit affirmed, and determined it was proper for the court to consider a statute of limitations defense in evaluating fraudulent joinder because a statute of limitations defense is a "rather unique" defense that "does not truly go to the merits of the plaintiff's claim in any sense." *Id.* at 1319.

The Court finds Defendants' claim splitting defense here to be more similar to the defense in *Ritchey* than in *Hunter*; an analysis of this defense would not go to the merits of the claims but would only be resolving a procedural question. On the face of Plaintiff's Amended Complaint, jurisdiction is improper. The Complaint states claims against all Defendants, and there is no complete diversity. But, the Court finds it may evaluate Defendants' argument regarding Plaintiff's alleged claim splitting in analyzing fraudulent joinder. *See Joseph v. Kaye*, No. CV 16-1245 SJO (GSJx), 2016 WL 3677142, at *5 (C.D. Cal. July 7, 2016) (determining that a court may make a determination of res judicata in evaluating a claim of fraudulent joinder); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007) (the doctrine of claim splitting is an aspect of res judicata). Claim splitting is a procedural argument that may be analyzed at this stage of the proceedings.

### B. Claim Splitting

A plaintiff may not split a cause of action. A party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v.*

*Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 482 (1876)). The ultimate objective of this rule against claim splitting is to "protect the Defendant from being harassed by repetitive actions based on the same claim" and to promote judicial economy and convenience. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995).

To determine whether a suit is duplicative, courts apply the test for claim preclusion. *See The Haytian Republic*, 154 U.S. 118, 124 (1894). This is a two-part standard. Thus, a court must first determine whether the causes of action and relief sought in the two suits are identical. *Adams*, 487 F.3d at 689. Then a court determines whether the parties, or their privies, are the same. *Id.* To determine whether two causes of action are similar, courts apply a transactional test. *Id.* "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992); and citing Restatement (Second) of Judgments § 24(1) (1982)).

Here, Plaintiff has asserted professional negligence causes of action against Dr. Campbell, Dr. Grove, and Palomar Health in both lawsuits. Both arise from the March 17, 2010 surgery, and differ only slightly. In his Amended Complaint in this case, Plaintiff asserts the doctors and employees of Palomar Health "negligently and carelessly introduced into the Plaintiff's body" contaminated ethibond sutures. (Am. Compl. 11.) In his state court complaint, Plaintiff asserts Dr. Campbell "negligently left inside of plaintiff" a portion of suture thread and the Palomar Health employees "failed to insure that all foreign objects placed inside of the plaintiff Mr. Martinez had been removed." (ECF No. 9-3, at 7.)

The causes of action arise from the same transaction, the March 2010 surgery, are related to the same set of facts, and could be tried together. Plaintiff's second cause of action would be barred under claim preclusion. The Court therefore determines that Plaintiff has improperly filed the same cause of action of professional negligence against these Defendants in two lawsuits.

## II. The Possibility of Consolidation / Amendment

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

The Court has considered Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 28), as a method to consolidate the two pending cases for efficiency's sake. Plaintiff seeks leave to amend his Complaint in this case so that the "court hear this entire matter and that Plaintiff be allowed to litigate all matters pertinent to [both cases] and all parties be heard in one matter in one court." (ECF No. 28, at 4.) Plaintiff states if granted leave to amend in this case, he would dismiss his other state court case without prejudice. (*Id.* at 2.) All Defendants oppose this request, (ECF Nos. 31–32).

The Court does not have the ability to consolidate the two cases, as the first-filed action is in state court and not before this Court. *See Norman v. Celgene Corp.*, No. CV077174GAFMANX, 2008 WL 11339102, at *1 (C.D. Cal. July 31, 2008) (Federal Rule of Civil Procedure 42(a) "cannot be used by a federal court to consolidate an action pending before it with a state court action." (citing *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972))). Similarly, the Court does not have the power to order Plaintiff to dismiss this case and consolidate it with his case in state court. Further, the Court finds it would be inappropriate to dismiss the present case in its entirety, because the first-filed case is not brought against Ethicon and therefore does not encompass all of Plaintiff's claims in the present case.

It would also be inappropriate to allow Plaintiff to amend his Complaint in this case to include the causes of action from both cases. That would not solve the problem of the existence of two duplicative actions, even though Plaintiff states he would dismiss his state court case without prejudice if he is permitted to amend this case. *See Gragossian v. Cardinal Health Inc.*, No. 07-CV-1818-H (LSP), 2008 WL 2157004, at *1 (S.D. Cal. May 21, 2008) ("[A] court may exercise its discretion to deny leave to amend where the

amendment is duplicative of existing claims." (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995))). Therefore, the best solution is to dismiss the part of this case that is duplicative, and to allow the present case to proceed against Ethicon. Plaintiff's Motion to File a Second Amended Complaint is **DENIED** without prejudice.

Plaintiff's third cause of action is **DISMISSED**. As a result, Defendants Campbell, Grove, and Palomar Health are **DISMISSED** from this lawsuit.[5] The Court now has diversity jurisdiction over this case.

## CONCLUSION

With this result, Plaintiff's case is now properly before this Court against Ethicon. Ethicon has answered, (ECF No. 3). Magistrate Judge Schopler has continued the Early Neutral Evaluation ("ENE") in this case until after the motions to dismiss have been adjudicated. (*See* ECF No. 12.) Plaintiff and Ethicon are to contact Judge Schopler's chambers to schedule an ENE.

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[5] Because Defendants Campbell and Palomar are dismissed as being fraudulently joined, their Motions to Dismiss, (ECF Nos. 7, 9), are moot.